UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Edward J. Perez,<br><br>    Plaintiff<br><br>v.<br><br>E Mac, et al.,<br><br>    Defendants | Case No.: 2:24-cv-00185-JAD-MDC<br><br>**Order Screening and Dismissing Complaint with Leave to Amend by 2/23/25**<br><br>[ECF Nos. 1-1, 7, 9, 13] |

    Plaintiff Edward J. Perez brings this civil-rights action under 42 U.S.C. § 1983 against 21 Clark County Detention Center corrections officers for an assortment of constitutional violations that he claims they committed during his detention there.  Perez applies to proceed *in forma pauperis*,[1] and I grant that application and screen his complaint under 28 U.S.C. § 1915A. Having done so, I find that Perez's complaint violates the rules of this court because it seeks to assert claims against too many people for too many events, and the result of that scattershot approach is that Perez has not stated a colorable claim against any defendant.  So I dismiss his complaint in its entirety and without prejudice, and I give Perez until February 23, 2025, to file a proper amended complaint.

**Screening Order**

**A.    The court must screen inmate complaints for deficiencies.**

    Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or an officer or employee of a governmental entity.[2]  In its review, the court must identify any cognizable claim and dismiss those that fail to state a

---

[1] ECF No. 13.

[2] *See* 28 U.S.C. § 1915A(a).

claim upon which relief may be granted.[3]  In making this determination, the court takes all allegations of material fact as true and construes them in the light most favorable to the plaintiff.[4] Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers,[5] but a plaintiff must provide more than mere labels and conclusions.[6]  "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations."[7]  "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[8]

**B.     Perez's complaint addresses too many defendants and is too vague to state a claim against any of them.**

Perez's complaint identifies 21 defendants—all of whom he alleges were employees of the Clark County Detention Center (CCDC) while he was detained there from 2017–2023.  He notes his general grievance against each of them, like "gave my mail & phone numers [sic] to sex offender I/Ms & more crimes" and "spit in religious meals or paid I/Ms to do so."[9]  While it appears that Perez is generally attempting to assert claims for First Amendment retaliation, First and Fourteenth Amendment mail violations, and Fourteenth Amendment property deprivation,

---

[3] *See* 28 U.S.C. § 1915A(b)(1)(2).

[4] *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).

[5] *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (recognizing that pro se pleadings must be liberally construed).

[6] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[7] *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

[8] *Id*.

[9] ECF No. 1-1 at 2–7, 13.

this approach of bringing a single lawsuit against all the CCDC employees he ever had a beef with violates the rules of this court.

A basic lawsuit is a single claim against a single defendant. Federal Rule of Civil Procedure (FRCP) 18(a) allows a plaintiff to add multiple claims to the lawsuit when they are against the same defendant, and FRCP 20(a)(2) lets a plaintiff join multiple defendants in a lawsuit when the right to relief arises out of the same "transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action." But unrelated claims that involve different defendants must be brought in separate lawsuits.[10]

Perez's complaint violates these rules because it contains claims against too many defendants for too many events. FRCP 20(a)(2) requires that at least one claim against all defendants "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences" and raise "a question of law or fact common to all defendants."[11] For example, Perez alleges that he "accidently exposed many officers' (at CCDC) crimes" in a video dated November 21, 2019,[12] and as a result of that video, corrections officers that were not exposed "did their own crimes on [him]."[13] There are no allegations that tie the present defendants in Perez's complaint to the November 21, 2019, jail video. And while Perez also alleges that adverse action was taken against him, he fails to allege what "protected conduct" he engaged

---

[10] *See, e.g.*, *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (holding that "[a] buckshot complaint that would be rejected if filed by a free person—say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions—should be rejected if filed by a prisoner").

[11] *See also* General Order No. 2021-05, *In re: Procedural Rules for Non-Habeas Civil Inmate Filings,* (2)(e).

[12] *Id.* at 7 (cleaned up).

[13] *Id.* at 7–8.

3

in.[14] Perez cannot proceed with this case as framed in his complaint because it violates the procedural rules of this court.

A second fatal problem with Perez's complaint is that his factual descriptions about who did what to him are too vague to state a colorable claim against any of his intended targets. In Part A of his complaint, where Perez lists each of the 21 defendants, he includes a brief description of what each defendant is alleged to have done.[15] For example, in relation to Defendant Ayala, Perez asserts "numerous times [Ayala] did things to my religious meals" and Defendant Smith "numerous times messed with my mail[.]"[16] But when stating the facts in each of his counts, Perez neither identifies any defendant by name, nor identifies what any specific defendant did to violate his rights.[17] Because Perez has not specifically described who did what to him, he has failed to state any plausible claim. So I dismiss his complaint in its entirety.

**C.    Perez has until February 23, 2025, to file an amended complaint that complies with the court rules and contains more specific allegations about who did what to him.**

Because it appears that Perez may be able to cure the defects in his complaint, I dismiss it with leave to amend. So to proceed with this case, Perez must file a first-amended complaint. Perez is advised that each claim raised in the amended complaint must be permitted by either FRCP 18 or 20. This means that Perez may state a single claim against a single defendant. He may then add any additional claims to his action that are against the same defendant under FRCP

---

[14] *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2004) (claim for First Amendment retaliation requires allegation that adverse action was taken against plaintiff because of plaintiff's protected conduct).

[15] ECF No. 1-1 at 1–7.

[16] *Id.* at 3.

[17] *Id.* at 8–10.

18. And he may add any additional claims against other defendants if those claims arise from the same transaction, occurrence, or related series of transactions as his original claim.[18] Claims and defendants that exceed that limited scope must be brought in a separate lawsuit. The court will dismiss any claims or defendants it finds to be improperly joined in the amended complaint.

If Perez chooses to file an amended complaint, he is advised that it replaces the original complaint, so the amended complaint must be complete in itself.[19] This means that the amended complaint must contain all claims, defendants, and factual allegations that he wishes to pursue in this lawsuit and can be joined under Rules 18 or 20. Perez should file the amended complaint on this court's approved prisoner-civil-rights form, he must file the instructions on the form, and the amendment must be titled "First Amended Complaint." In each count, he must allege facts sufficient to show what each defendant (by name) did to violate his rights without reference to legal authority or argument. The amended complaint must be filed by February 23, 2025. If Perez does not file a first-amended complaint by that deadline, this case will be dismissed and closed without further prior notice.

**Motion to Appoint Counsel**

Like many prisoners who file civil-rights claims, Perez asks the court to find and appoint him a free lawyer.[20] A litigant does not have a constitutional right to appointed counsel in 42 U.S.C. § 1983 civil-rights claims.[21] The statute that governs this type of litigation, 28 U.S.C. § 1915(e)(1), provides that "[t]he court may request an attorney to represent any person unable to afford counsel." But the court will appoint counsel for indigent civil litigants only in

---

[18] Fed. R. Civ. P. 20(a)(2).

[19] *See Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1989).

[20] ECF No. 7.

[21] *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981).

"exceptional circumstances."[22] "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved.'"[23] "Neither of these considerations is dispositive and [they] instead must be viewed together."[24]

Exceptional circumstances do not exist here. Perez has failed to show that he is likely to succeed on the merits of this case because he fails to state any colorable claims. So I deny without prejudice his motion to appoint counsel.

**Motions to proceed *in forma pauperis* and for help filing forms**

Perez also applies to proceed *in forma pauperis*.[25] Based on the financial-status information that he provides, I find under 28 U.S.C. § 1915 that he is not able to pay an initial installment payment toward the full filing fee, so I grant his application. This status does not relieve Perez of the obligation to pay the filing fee, it just means that he can do so in monthly payments that will be deducted from his inmate account when he has funds available. Those payments will be deducted until the full filing fee is collected from him.

Apparently, Perez was having difficulty obtaining and completing the application to proceed *in forma pauperis*. So he filed a motion asking for help or extra time to complete that process.[26] But Perez ultimately filed that application,[27] and this court has now granted it. So I deny as moot his request for that assistance.

---

[22] *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (§ 1983 action).
[23] *Id*.
[24] *Id*.
[25] ECF No. 13.
[26] ECF No. 9.
[27] *See* ECF No. 13.

## Conclusion

IT IS THEREFORE ORDERED that Perez's application to proceed *in forma pauperis* without having to prepay the filing fee **(ECF No. 13) is GRANTED**. Perez need not pay an initial installment fee, prepay fees or costs, or provide security for fees or costs, but he is still required to pay the full $350 filing fee under 28 U.S.C. § 1915. That full filing fee will remain due and owing even if this case is dismissed or otherwise unsuccessful.

To ensure that Perez pays the full filing fee, IT IS FURTHER ORDERED that **the Nevada Department of Corrections must pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to the account of EDWARD J. PEREZ, #76746** (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action. The Clerk is directed to **SEND** copies of this order to the Finance Division of the Clerk's Office <u>and</u> to the attention of **Chief of Inmate Services for the Nevada Department of Corrections,** at formapauperis@doc.nv.gov.

IT IS FURTHER ORDERED that:

- Perez's complaint **(ECF No. 1-1) is DISMISSED with leave to amend** to comply with Federal Rules of Civil Procedure 8, 10, 18, and 20 by February 23, 2025;

- If Perez chooses to file an amended complaint, he must use the approved form and write the words "First Amended" above the words "Civil Rights Complaint" in the caption. The amended complaint will be screened in a separate screening order, and **the screening process will take <u>many months</u>. If Perez does not file an amended complaint by February 23, 2025, the court will dismiss this action without prejudice and close this case**;

7

- The motion seeking the appointment of counsel **(ECF No. 7) is DENIED**; and

- The motion for help submitting *in forma pauperis* forms **(ECF No. 9) is DENIED as moot**.

**The Clerk of the Court is directed to:**

- **FILE** the complaint **(ECF No. 1-1)**;

- **SEND** Perez the approved form for filing a § 1983 prisoner complaint, instructions for the same, and a copy of his original complaint **(ECF No. 1-1)**.

_____
U.S. District Judge Jennifer A. Dorsey
January 23, 2025