UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Edward J. Perez, | Case No.: 2:24-cv-00185-JAD-MDC |
| Plaintiff | |
| v. | **Order Screening and Dismissing Second Amended Complaint and Closing Case** |
| E Mac, et al., | [ECF No. 20] |
| Defendants | |

Nevada inmate Edward J. Perez brings this pro se civil-rights action under 42 U.S.C. § 1983, claiming that his First, Eighth, and Fourteenth Amendment rights were violated when Las Vegas Metropolitan Police Department ("LVMPD") corrections officers at Clark County Detention Center ("CCDC") stole his mail, his money, and other property, and spit in his religious food in retaliation for his attempts to expose the officers' wrongdoing. Perez was given leave to amend a second time in the order screening his first amended complaint ("FAC") in this case, and I now screen his Second Amended Complaint ("SAC") under 28 U.S.C. § 1915A. Having done so, I find that Perez fails to state any colorable claim despite having been given the opportunity to amend with instructions. So I dismiss this case with prejudice and close it.

**A.    The court must screen inmate complaints for deficiencies.**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or an officer or employee of a governmental entity.[1] In its review, the court must identify any cognizable claim and dismiss those that fail to state a claim upon which relief may be granted.[2] In making this determination, the court takes all

---

[1] *See* 28 U.S.C. § 1915A(a).

[2] *See* 28 U.S.C. § 1915A(b)(1)(2).

allegations of material fact as true and construes them in the light most favorable to the plaintiff.[3] Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers,[4] but a plaintiff must provide more than mere labels and conclusions.[5] "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations."[6] "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[7]

**B.    Procedural History**

As I noted in the first screening order, Perez's initial complaint[8] employed a shotgun approach to pleading his claims. Perez sued 21 named individuals for actions over the six years he was detained at CCDC but did not identify which claim he brought against each defendant.[9] So I dismissed Perez's initial complaint for failing to comply with Federal Rules of Civil Procedure 8, 10, 18, and 20 and gave him leave to file a first amended complaint.[10] Perez timely filed his FAC.[11] Perhaps misunderstanding my instructions, Perez's FAC omitted the names of all defendants, except Mac E., generally describing actions by LVMPD corrections officers.[12] In

---

[3] *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).

[4] *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (recognizing that pro se pleadings must be liberally construed).

[5] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[6] *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

[7] *Id.*

[8] ECF No. 1-1.

[9] ECF No. 15 at 2–3.

[10] *Id.* at 7.

[11] ECF No. 17.

[12] *Id.* at 2.

my order screening Perez's FAC, I dismissed his Fourteenth Amendment property-deprivation claim without prejudice to him filing a separate lawsuit in state court[13]; his First Amendment and RLUIPA claims without prejudice and without leave to amend[14]; and his Fourteenth Amendment failure-to-protect claim and First Amendment retaliation claims without prejudice and with leave to amend.[15] Perez then filed his SAC.

**C.    Factual Allegations**[16]

In his SAC, Perez alleges that in November 2019 he was in custody at the CCDC. He was placed on suicide watch in unit "2-C" where he was recorded on camera for two weeks because he was under investigation. While on camera, Perez vented out loud to himself that Officer Mac E. had put an inmate hit on him.

Perez alleges without explanation that this placed the only named defendant, Mac E. under investigation and started a series of retaliatory actions by corrections officers targeting Perez. Perez alleges that unnamed officers stole money from his inmate account and that his mail and property were stolen.

He claims that from January 2020 to March 2023, corrections officers did crimes with inmates to ensure that Perez would be attacked and stabbed. They contacted people they could identify from Perez's Facebook account. Family members received harassing phone calls.

In retaliation for the investigation of Mac E., CCDC corrections officers used urine, saliva, and pepper spray to contaminate Perez's religious meals. They recorded videos to put on-

---

[13] ECF No. 19 at 5.

[14] *Id.* at 7.

[15] *Id.* at 8–10.

[16] This is merely a summary of the plaintiff's factual allegations in the SAC, ECF No. 20, and not intended as findings of fact.

line. And they paid other inmates to spit in Perez's meals. According to Perez, all of these actions can be verified on inmates' recorded phone calls, visits, and unit cameras.

Based on these allegations, Perez specifically identifies three claims: (1) First Amendment retaliation; (2) Fourteenth Amendment failure to protect; and (3) First Amendment Free Exercise.[17]

**D.     Analysis**

   ***1.     Perez's allegations do not state a colorable First Amendment retaliation claim.***

Inmates have a First Amendment right to file grievances and to pursue civil rights litigation in the courts.[18] "Without those bedrock constitutional guarantees, inmates would be left with no viable mechanism to remedy prison injustices. And because purely retaliatory actions taken against a prisoner for having exercised those rights necessarily undermine those protections, such actions violate the Constitution quite apart from any underlying misconduct they are designed to shield."[19] To state a First Amendment retaliation claim in the prison context, a plaintiff must allege: "(1) [a]n assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."[20] Total chilling is not required; it is enough that an

---

[17] Perez describes his failure-to-protect claim as a Fourth Amendment claim, but at the time of these allegations, he was a pre-trial detainee whose rights arose under the Fourteenth Amendment.

[18] *Rhodes v. Robinson*, 408 F.3d 559, 567 (9th Cir. 2004).

[19] *Id.*

[20] *Id.* at 567–68.

official's acts would chill or silence a person of ordinary firmness from future First Amendment activities.[21]

Perez's SAC, like his FAC, adequately alleges that adverse action was taken against him: (1) Perez's mail, money, and property were stolen; (2) his meals were deliberately contaminated with saliva, urine, and pepper spray; and (3) corrections officers put a "hit" on him. But Perez still fails to allege true facts that he took "protected conduct." Perez's SAC does not allege that he filed grievances or pursued or threatened to pursue civil-rights litigation in the courts against Mac E. or any other corrections officer.[22] Instead, Perez alleges that he "vented to myself out loud about Officer Mac E. and other officers putting an inmate hit on me and a number of other things[.]"[23] This allegation does not show that Perez took protected conduct. The screening order on the FAC allowed Perez to amend his claims to specifically identify what protected conduct he took for which he was being retaliated against.[24] This court has now given Perez an opportunity to amend his complaint twice with specific instructions on alleging true facts necessary to state a claim. His failure to do so twice now suggests to this court that he lacks such facts. So I dismiss Perez's claims for First Amendment retaliation against Mac E. and the unidentified LVMPD officers with prejudice and without leave to amend.[25]

---

[21] *Id.* at 568–69.

[22] *See Entler v. Gregoire,* 872 F.3d 1031, 1039 (9th Cir. 2017) (an inmate engages in protected First Amendment conduct when he threatens to initiate litigation whether verbally or in writing); *Brodheim v. Cry*, 584 F.3d 1262, 1270 (9th Cir. 2009) (retaliation for an inmate's use of the prison grievance procedures constitutes protected conduct).

[23] ECF No. 20 at 2.

[24] ECF No. 19 at 10.

[25] *See Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) (leave to amend not required if plaintiff was previously allowed to amend but failed to correct identified deficiencies).

### 2. *Perez fails to state a Fourteenth Amendment failure-to-protect claim.*

Under the Fourteenth Amendment, prison officials have a duty to protect prisoners from violence at the hands of other prisoners.[26] A pretrial detainee states a claim for failure to protect against an individual officer under the Fourteenth Amendment if: (1) the defendant made an intentional decision with respect to the conditions under which the pretrial detainee was confined; (2) those conditions put the pretrial detainee at substantial risk of suffering serious harm; (3) the defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (4) by not taking such measures, the defendant caused the pretrial detainee's injuries.[27]

Perez provides no factual allegations involving Mac E. in this claim. Instead he alleges that LVMPD corrections officers did "crimes" with inmates "to be sure I'd be attacked, stabbed, and so on[.]"[28] The allegations pertaining to Perez's failure-to-protect claim contain even less detail than those in his FAC. The screening order on the FAC instructed Perez to identify which specific officers took specific actions whose intended result was to have another inmate harm Perez. Despite two opportunities to amend, Perez has failed to identify any corrections officers by name or any specific actions that show an intent that Perez be injured by other inmates. As a result, I find that Perez has not stated a colorable claim for Fourteenth Amendment failure-to-protect against Mac E. or the unnamed LVMPD corrections officers. Therefore, I dismiss this failure-to-protect claim with prejudice and without leave to amend.[29]

---

[26] *Castro v. Cty. of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016).
[27] *Id.*
[28] ECF No. 20 at 4.
[29] *See Zucco*, 552 F.3d at 1007.

      **3.**      ***Perez fails to state a colorable First Amendment free-exercise or RLUIPA Claim.***

The First Amendment to the United States Constitution prohibits congress from making a "law respecting an establishment of religion or prohibiting the free exercise thereof."[30] The Supreme Court has held that inmates retain the protections afforded by the First Amendment, "including its directive that no law shall prohibit the free exercise of religion."[31] It has also recognized that an inmate's "limitations on the exercise of constitutional rights arise both from the fact of incarceration and from valid penological objectives—including deterrence of crime, rehabilitation of prisoners, and institutional security."[32] "A person asserting a free-exercise claim must show that the government action in question substantially burdens the person's practice of his religion. A substantial burden . . . place[s] more than an inconvenience on religious exercise; it must have a tendency to coerce the individuals into acting contrary to their religious beliefs or exert substantial pressure on an adherent to modify his behavior and to violate his beliefs."[33] Even if such a belief is substantially burdened, a prison regulation is "valid if it is reasonably related to legitimate penological interests."[34]

Claims brought under RLUIPA are similar to free-exercise claims, although RLUIPA proceeds under a slightly different framework. RLUIPA prohibits the government from imposing "a substantial burden on the religious exercise of a person residing in or confined to an

---

[30] U.S. Const. Amend. I (cleaned up).
[31] *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987).
[32] *Id.*
[33] *Jones v. Williams*, 791 F.3d 1023, 1031–32 (9th Cir. 2015) (cleaned up) (internal quotation marks and citations omitted).
[34] *Turner v. Safley*, 482 U.S. 78, 89 (1987).

institution . . . unless the government demonstrates that imposition of the burden on that person (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest."[35]  So RLUIPA claims are subject to a strict- scrutiny standard.[36]  A plaintiff has the initial burden of proving that the prison's actions implicated the plaintiff's religious exercise and that the prison's actions substantially burdened his exercise of religion.[37]

In the order screening Perez's FAC, I dismissed Perez's First Amendment free-exercise and RLUIPA claims without leave to amend.[38]  Perez has not sought reconsideration of my screening order or sought leave to include them in his SAC.  Nor has he alleged any new facts in his SAC that correct the deficiencies of his first two complaints.

Perez alleges that corrections officers constantly spit or placed foreign substances in his religious meals, and encouraged other inmates to do so, as retaliation.  To the extent Perez seeks to bring a claim under the First Amendment's Free Exercise Clause or RLUIPA in the SAC, I find that the allegations are not enough to bring a colorable claim under either theory of liability.  For example, Perez pleads no facts about his religious beliefs or religious exercise, let alone facts reasonably suggesting that officers and inmates were acting on a policy of LVMPD.  Further, Perez pleads no facts suggesting that Mac E. or the LVMPD officers acted because of his religious beliefs.  Having already identified these deficiencies and Perez having failed to

---

[35] 42 U.S.C. § 2000cc-1(a)(1)–(2).

[36] *Int'l Church of Foursquare Gospel v. City of San Leandro*, 673 F.3d 1059, 1066 (9th Cir. 2011).

[37] *Holt v. Hobbs*, 574 U.S. 352, 360–61 (2015).

[38] ECF No. 19 at 7.

correct the deficiencies in the SAC, I dismiss his First Amendment free exercise and RLUIPA claims without leave to amend.

## Conclusion

IT IS THEREFORE ORDERED that:

Perez's second amended complaint **(ECF No. 20) is DISMISSED with prejudice as further amendment would be futile**.

I further certify any *in forma pauperis* appeal from this order would not be taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3).

The Clerk of Court is directed to **ENTER JUDGMENT** accordingly and **CLOSE THIS CASE.**

_____
U.S. District Judge Jennifer A. Dorsey
October 21, 2025

9